UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X

ELEANOR CAPOGROSSO,

        Plaintiff,

 - against -

THE NEW YORK STATE COMMISSION
ON JUDICIAL CONDUCT, *et al.*,

        Defendants.

------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/27/08

ORDER

08 Civ. 5455 (SAS)

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

      By Opinion and Order dated August 8, 2008, this Court dismissed plaintiff's claims sua sponte. Plaintiff now moves for reconsideration of that Opinion and Order.

      "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."[1] Plaintiff raises a

---

[1] *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). *Accord In re BDC 56 LLC*, 330 F.3d 111, 123 (2d Cir. 2003); *Eisemann v. Greene*, 204 F.3d 393, 395 n.2 (2d Cir. 2000) ("To be entitled to reargument, a party must demonstrate that the Court overlooked controlling decisions or factual matters that

number of grounds for reconsideration.

Plaintiff first asserts that defendant judges are not entitled to judicial immunity because they committed crimes, namely obstruction of justice, conspiracy to obstruct justice, and perjury.[2] Plaintiff is incorrect. The judicial actions that are the subject of plaintiff's Complaint were clearly taken in the context of judicial proceedings over which the defendant judges had clear jurisdiction. They are thus entitled to immunity for those actions. If plaintiff is not satisfied with the decisions made by a court in a matter in which it has jurisdiction, her remedy is to appeal, not sue the judge.

Plaintiff next contends that the Court's analysis of defendants' immunity was erroneous because it failed to apply the exception to sovereign immunity first discussed in *Ex Parte Young*, which permits courts to award injunctive relief in certain circumstances.[3] However, as discussed in the Opinion and Order, plaintiff failed to identify an ongoing violation of a constitutional right that could be addressed by this Court through injunctive relief.[4]

---

were put before it on the underlying motion." (quotation omitted)).

[2]  *See* Memorandum in Support of Motion for Reconsideration ("Pl. Mem.") at 2.

[3]  209 U.S. 123 (1908).

[4]  *See* Opinion and Order at 46.

Plaintiff also argues that the Court misapplied the *Rooker-Feldman* doctrine. She reasons that the doctrine applies only to parties that have "lost" in state court, and she did not "lose" her constitutional claims in state court.[5] Plaintiff has confused the requirements of the doctrine. *Rooker-Feldman* prevents federal courts from exercising appellate jurisdiction over state courts regardless of the form the action takes. Plaintiff's federal claims are barred because she asks this Court to overturn state court decisions, not because the federal claims themselves were already determined by a state court. The latter is an example of claim preclusion, not the *Rooker-Feldman* doctrine.

Plaintiff also argues that the *Rooker-Feldman* doctrine is inapplicable to the State Commission on Judicial Conduct because it is an administrative body and argues that the Court has jurisdiction to review the Commission's decision to dismiss complaints against various judges.[6] As discussed in this Court's Opinion and Order, plaintiff has no standing to raise this claim.[7] Similarly, plaintiff has no standing to challenge the constitutionality of section 44 of the New York Judiciary

---

[5]    *See* Pl. Mem. at 6.

[6]    *See id.*

[7]    *See* Opinion and Order at 47.

Law.[8]

        Plaintiff has not identified any material facts or law overlooked by the Court. Reconsideration is therefore denied.

                                          SO ORDERED:

                                          Shira A. Scheindlin
                                          U.S.D.J.

Dated:      New York, New York
              August 27, 2008

---

[8]    *See id.*

4

**– Appearances –**

**Plaintiff (Pro Se):**

Eleanor Capogrosso
122 E. 42nd Street, Suite 1616
New York, NY 10168
(212) 509-7700